1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    WILLIE WEAVER,

8           Plaintiff,                    CV F 06 1343 AWI WMW   P

9    vs.                                  ORDER TO SHOW CAUSE
                                          WHY A PRE-FILING REVIEW
10                                        ORDER SHOULD NOT BE ISSUED
                                          DECLARING PLAINTIFF
11                                        A VEXATIOUS LITIGANT

12

13   CCI DIRECTOR, et al.,

14          Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C.

17   § 1983.  In this action, filed on September 25, 2006, Plaintiff alleges that correctional officials

18   are conspiring to kill him and harass him by means of a mind control device.  Plaintiff alleges

19   that he is being monitored by a camera in the ventilation system.  Over the course of this year

20   Plaintiff has set forth these and other, similar,  allegations in other cases.

21                                  Litigation History

22          To date, Plaintiff has 142 prisoner civil rights cases in this court alone.[1] As of November

23   21, 2005, Plaintiff is considered to be a "three strikes" Plaintiff for purposes of being able to

24   _____

25          [1]Plaintiff has filed approximately 36 civil rights cases the Northern and Central Districts of
     California.
26

                                              1

proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  As of that date, Plaintiff has had three cases dismissed as frivolous, malicious, or failure to state a claim.  Weaver v. Pelican Bay State Prison, No. C 04-3077 JW (PR) (N.D. Cal May 18, 2005); Weaver v. Nimrod, No. C 04-3154 JW (PR) (N.D.  Cal. Dec. 14, 2004); Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005); Weaver v. Pelican Bay State Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005); Weaver v. Montiero, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005).

Plaintiff's litigation history in this court follows.  In Weaver v. Appeal Coordinator, CV F 06 0134 OWW DLB P, filed on February 7, 2006, Plaintiff complained generally that his appeals had not been answered.  In Weaver v. Tehachapi Mailroom, CV F 06 0278 OWW LJO P, filed on March 13, 2006,  Plaintiff alleged that his letters to the U.S. Supreme Court have not been answered.  In Weaver v. Tehachapi SHU, CV F 06 0341 AWI LJO P, filed on March 27, 2006, Plaintiff complained that his transfer from Lancaster State Prison to Pelican Bay State Prison was in error.  Plaintiff also complained generally that his inmate appeals have not been answered.  In Weaver v. CCI SHU, CV F 06 0429 AWI SMS P, filed on April 14, 2006, Plaintiff alleges that the defendants are "in a conspiracy watching [Plaintiff] night and day from a wall camera in the neighboring cell."  Plaintiff also that defendants and all inmates harass him every day and night and threaten to kill him. Weaver v. CCI SHU, CV F 06 0441 OWW SMS P, filed on April 17, 2006, was dismissed as duplicative.  Weaver v. CCI SHU, CV F 06 0442 AWI SMS P, filed on April 17, 2006, was dismissed as duplicative.  Weaver v. CCI SHU, CV F 06 0446 AWI LJO P, filed on April 18, 2006, was dismissed as duplicative.  Weaver v. CCI SHU, CV F 06 0467 OWW LJO P, filed on April 21, 2006, was dismissed as frivolous.  Weaver v. CCI SHU, et al., CV F 06 0468 OWW SMS P, filed on April 21, 2006, was dismissed as duplicative. Weaver v. CCI SHU, CV F 06 0471 AWI LJO P, filed on April 21, 2006, was dismissed as frivolous.  Weaver v. CCI SHU, et al., CV F 06 0485 OWW LJO P, filed on April 25, 2006, was

dismissed as frivolous.  <u>Weaver v. CCI SHU, et al.</u>, CV F 06 0500 AWI SMS P, filed on April 26, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU</u>, et al., CV F 06 0556 AWI SMS P, filed on May 10, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU</u>, CV F 05 0559 AWI LJO P, filed on May 10, 2006, was dismissed as frivolous.  <u>Weaver v. Wagner, et al.</u>, CV F 060 598 AWI SMS P, filed on May 17, 2006, was dismissed for failure to prosecute.  <u>Weaver v. CCI SHU Law Library</u>, CV F 06 0650 AWI LJO P, filed on May 26, 2006, was dismissed for failure to prosecute.  <u>Weaver v. CCI SHU, et al.</u>, CV F 06 0670 AWI LJO P, filed on June 1, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU</u>, CV F 06 0671 OWW SMS P, filed on June 1, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU, et al.</u>, CV F 06 0692 AWI LJO P, filed on June 5, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU, et al.</u>, CV F 06 0694 AWI SMS P, filed on June 5, 2006, was dismissed as duplicative.  <u>Weaver v. CCI Custody, et al.</u>, CV F 06 0718 AWI LJO P, filed on June 8, 2006, was dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit, as mandated by 42 U.S.C. § 1997e(a).  <u>Weaver v. CCI Confinement First Watch, et al.</u>, CV F 06 0728 OWW LJO P, filed on, June 9, 2006, was dismissed as duplicative.  <u>Weaver v. CCI SHU</u>, CV F 06 0729 AWI SMS P, filed on June 9, 2006, alleges generally that defendants were in a conspiracy, threatening Plaintiff late at night.  That case was dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.  <u>Weaver v. CCI Confinement SHU, et al.</u>, CV F 06 0730 AWI LJO P, filed on June 9, 2006, was dismissed as duplicative.  <u>Weaver v. CCI, et al.</u>, CV F 06 0762 AWI LJO P, filed on June 16, 2006, was dismissed as duplicative.  <u>Weaver v. CCI Third Watch Lieutenant</u>, CV F 06 0775 OWW SMS P, filed on June 19, 2006, was dismissed as frivolous.  <u>Weaver v. CCI Law Library</u>, CV F 06 0863 OWW SMS P, filed on July 10, 2006, was dismissed as frivolous.  <u>Weaver v. CCI Second Watch, et al.</u>, CV F 06 0946 AWI SMS P, filed on July 21, 2006 and alleging that Plaintiff is being harassed, threatened and called names, was dismissed as duplicative.  <u>Weaver v. CCI Second Watch, et al.</u>, CV F 06 0992 AWI SMS P,

1   filed on July 31, 2006, was dismissed as duplicative.  <u>Weaver v. CCI First Watch</u>, CV F 06 1066

2   AWI SMS P, filed on August 14, 2006, was dismissed for failure to exhaust his administrative

3   remedies prior to filing suit.  <u>Weaver v. Building A-4 Director</u>, CV F 06 1102 AWI SMS P, filed

4   on August 21, 2006, was dismissed for Plaintiff's failure to exhaust his available administrative

5   remedies prior to filing suit.  <u>Weaver v. CCI First Watch A-4 Director, et al.</u>, CV F 06 1198 AWI

6   SMS P, filed on September 1, 2006, was dismissed for Plaintiff's failure to sign the complaint.

7   <u>Weaver v. CCI Building A-4 Director, et al.</u>, CV F 06 1204 OWW SMS P, filed on September 1,

8   2006, was dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing

9   suit.  <u>Weaver v. CCI Third Watch A-4 et al.</u>, CV F 06 1206 AWI SMS P, filed on September 1,

10   2006, was dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing

11   suit. <u>Weaver v. CCI Second Watch A-4, et al.</u>, CV F 06 1208 OWW LJO P, filed on September

12   1, 2006 and alleging that Plaintiff is being threatened, harassed, called names, and watched from

13   cell cameras.  was dismissed as frivolous.   <u>Weaver v. CCI Second Watch, et al.</u>, CV F 06 1210

14   OWW LJO P, filed on September 1, 2006, alleging that Plaintiff is being threatened, harassed,

15   called names, and watched from cell cameras, was dismissed as frivolous.  <u>Weaver v. CCI First</u>

16   <u>Watch, et al.</u>, CV F 06 1224 OWW LJO P, filed September 7, 2006, was dismissed for Plaintiff's

17   failure to exhaust his administrative remedies prior to filing suit.  <u>Weaver v. CCI Building A-4</u>

18   <u>Director, et al.</u>, CV F 06 1298 AWI LJO P, filed on September 18, 2006, was dismissed for

19   Plaintiff's failure to exhaust his administrative remedies prior to filing suit.  <u>Weaver v. CCI</u>

20   <u>Building Director A-4, et al.</u>, CV F 06 1308 AWI LJO P, filed on September 20, 2006, was

21   dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

22   <u>Weaver v. CCI Third Watch, et al.</u>, CV F 06 1312 AWI LJO P, filed on September 20, 2006, was

23   dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

24   <u>Weaver v. CCI Third Watch, et al.</u>, CV F 06 1342 AWI LJO P, filed on September 25, 2006, was

25   dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

26

1   Weaver v. CCI Director, et al., filed on September 25, 2006, was dismissed for Plaintiff's failure

2   to exhaust his administrative remedies prior to filing suit.

3          As noted, each of the above cases dismissed for frivolity, failure to state a claim,

4   exhaustion, as duplicative, failure to prosecute, or as a sanction for failure to obey a court order.

5   In addition to the above, Plaintiff has filed the following:

6          In Weaver v. CCI Law Library, CV F 06 0188 OWW DLB P, Plaintiff sets forth vague

7   allegations of inadequacies in the law library.  Plaintiff charges no individual defendant with

8   specific conduct that would be actionable under section 1983.  See Casey v. Lewis, 518 U.S.343

9   (1996).

10         In the following cases, Plaintiff alleges that defendants have placed mind control devices

11   inside the walls of his cell.  The only specificity that Plaintiff provides is that these mind control

12   devices are cameras, and their purpose is to "set me up for murder charges I did not do."

13   Plaintiff also alleges that staff, in conspiracy with other inmates, have placed "intercom devices"

14   in the vents in order to conspire to murder Plaintiff.  Weaver v. Tehachapi SHU, CV F 06 0277

15   AWI WMW P; Weaver v. CCI Confinement SHU, CV F 06 0469 AWI WMW P;  Weaver v.

16   CCI Confinement SHU, CV F 06 0470 AWI WMW P; Weaver v. CCI Confinement SHU, CV F

17   06 0557 OWW WMW P;  Weaver v. CCI Confinement SHU, CV F 06 0558 AWI WMW P;

18   Weaver v. C/O Knight, CV F 06 0719 AWI DLB P; Weaver v. C/O Knight, CV F 06 0758

19   OWW DLB P; Weaver v. Third Watch Lieutenant, et al., CV F 06 0796 AWI DLB P.

20         In 2 cases, Plaintiff alleges that correctional officials opened his legal mail.  There are no

21   allegations regarding what that mail consisted of, or whether Plaintiff was present.   Plaintiff

22   alleges that he is not receiving sufficient numbers of indigent envelopes as requested.   The

23   court notes that Plaintiff has filed, via U.S. Mail, approximately 125 civil rights cases in this

24   court as of October 5, 2006.   Weaver v. C/O Knight, et al., CV F 06 0410 OWW WMW P;

25   Weaver v. CCI Confinement SHU, CV F 06 0486 OWW DLB P.

26

1    In Weaver v. CCI SHU Administration, CV F 06 0270 AWI WMW P, Plaintiff alleges

2  that he spent 17 days in the Segregated Housing Unit.  There are no other allegations other than a

3  generalized allegation that defendants conspired to house Plaintiff in the SHU.   Sandin v.

4  Conner, 515 U.S. 472, 484 (1995) holds that a prisoner has a federal liberty interest in being free

5  from confinement changes that impose an "atypical and significant hardship ... in relation to the

6  ordinary incidents if prison life."  The Ninth Circuit interprets Sandin to mean that confinement

7  in a disciplinary segregation unit for non-punitive reason does not implicate a liberty interest

8  because such segregation falls within the terms of confinement ordinarily contemplated by a

9  prison sentence, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  An allegations of placement

10  in the SHU, with nothing more, fails to state a claim for relief.

11    This court may enjoin litigants who have abusive histories of litigation from filing future

12  actions.  "The Supreme Court and all courts established by Act of Congress may issue writs

13  necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and

14  principles of law."  28 U.S.C. § 1651(a).  "A District Court not only may, but should, protect its

15  ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and

16  baseless litigation."  Abdullah v. Gatton, 773 F.2d 487, 488 (2nd Cir. 1985).  "Frivolous claims

17  by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time."

18  Dennardo v. Murphy, 781 F.2d 1345, 1348 (9th Cir. 1986).    Federal courts possess the inherent

19  power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions

20  under the appropriate circumstances."  DeLong v. Hennesey, 912 F.2d 1144, 1147 (9th Cir.

21  1990).  "Bad faith" may be found not only in the claims asserted but also in the conduct of the

22  litigation."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).   Here, the court finds

23  that Plaintiff more than exceeds the standard for abusive litigation.  Despite the numerous

24  dismissals noted above, Plaintiff continues to file suit after suit with identical allegations.

25  Indeed, many of the dismissals were based on Plaintiff's filing of duplicative actions.

26

1    The court may issue an order declaring a litigant to be a vexatious litigant and require a

2  litigant to seek permission from the court prior to filing any future actions.  See DeLong, 912

3  F.2d at 1146-47.  Before issuing such an order, the court must ensure that: (1) plaintiff was given

4  adequate notice to oppose the restrictive pre-filing order; (2) there is an adequate record of case

5  filings that show plaintiff is abusing the judicial system; (3) there is a substantive showing as to

6  the frivolousness or harassing nature of plaintiff's filings; and (4) the order must be narrowly

7  tailored to remedy only plaintiff's particular abuses.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th

8  Cir. 1990); DeLong, 912 F.2d at 1147-49.

9    Notice

10    The order serves as notice that this court intends to declare Plaintiff a vexatious litigant

11  and issue a pre-filing review order.  Plaintiff will be granted 30 days in which to file opposition

12  to this order.

13    Record of Abuse

14    As noted, Plaintiff has filed over 140 cases in this court in 2006.  The majority of these

15  cases set forth the claim that defendants have placed mind control devices inside the walls of

16  Plaintiff's cell.  Plaintiff also alleges that staff, in conspiracy with other inmates, have placed

17  "intercom devices" in the vents in order to conspire to murder Plaintiff.  The balance of

18  Plaintiff's complaints consists of duplicative allegations of vague inadequacies in the law library,

19  allegations that Plaintiff is not receiving proper postage (an allegation belied by the voluminous

20  mail received at this court), and that Plaintiff has failed to receive a response to his letters to the

21  U.S. Supreme Court.

22    None of Plaintiff's complaints have alleged facts sufficient to state a claim for relief.

23  Plaintiff has failed to allege any facts indicating actual injury to his ability to pursue a non-

24  frivolous legal action.  Casey v. Lewis, 518 U.S.343  (1996).  Given that Plaintiff has filed over

25  140 cases and a number of baseless motions, the court finds that Plaintiff has not been hindered

26

1   in his ability to pursue his civil rights actions in this court.

2      <u>Frivolousness</u>

3        In <u>Weaver v. CCI SHU</u>, CV F 06 0467 OWW LJO P, <u>Weaver v. CCI SHU</u>, CV F 06

4   0471 AWI LJO P, and <u>Weaver v. CCI SHU</u>, CV F 06 0485 OWW LJO P, Plaintiff filed cases

5   that were dismissed as legally frivolous.  As noted above, Plaintiff subsequently filed numerous

6   cases with identical allegations.   The court finds that the repeated filing of allegations that have

7   been dismissed as frivolous constitutes bad faith and an abuse of the judicial process.

8      <u>Narrowly Tailored Order</u>

9        Plaintiff is advised that the pre-filing review order will preclude the filing of any cases

10   that set forth any of the issues presented in this order.  Specifically, Plaintiff will be precluded

11   from filing any cases that set forth the following allegations.   Any allegations of inadequate law

12   library access that does not include allegations of actual injury.  Any allegations regarding

13   failure to receive a response to any correspondence sent by Plaintiff to a government agency.

14   Any allegations regarding attempts to control Plaintiff's mind, including allegations of any

15   devices placed in his cell or the vicinity of his cell.   Any allegations that consist of a vague

16   conspiracy by unspecified officials to murder Plaintiff.[2]   Any allegations that are duplicative of

17   a prior case filed by Plaintiff.

18        On November 17, 2006, an order to show cause was entered, advising Plaintiff of the

19   above, and directing Plaintiff to show cause why he should not be declared a vexatious litigant in

20   accordance with that order.   Plaintiff has not filed a response to the order to show cause.

21        Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff be declared a vexatious

22   litigant, and that a pre-filing review order be entered, precluding the filing of any cases that set

23   forth any of the issues presented in the November 17, 2006, order to show cause.

24

25        [2] Plaintiff has been advised that mere allegations of conspiracy without factual specificity

26   are insufficient to state a claim under 42 U.S.C. § 1985.

1      These findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty

2   days after being served with these findings and recommendations, Plaintiff may file written
objections with the court.  Such a document should be captioned "Objections to Magistrate

3   Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections
within the specified time may waive the right to appeal the District Court's order.  Martinez v.

4   Ylst, 951 F.2d 1153 (9th Cir. 1991).   IT IS SO ORDERED.

5   **Dated:    December 26, 2006**          **/s/  William M. Wunderlich**
    mmkd34                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26